## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Glen E. Koch II
Boren, Oliver & Coffee, LLP
Martinsville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jodi Kathryn Stein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

J.R.,

*Appellant-Respondent,*

v.

State of Indiana,

*Appellee-Petitioner*

September 17, 2020

Court of Appeals Case No.
19A-JV-3026

Appeal from the Brown Circuit Court

The Honorable Mary H. Wertz, Judge

Trial Court Cause Nos.
07C01-1905-JD-39
07C01-1908-JD-66

**Baker, Senior Judge.**

[1] On November 27, 2019, J.R., a juvenile, was placed in the Department of Correction (DOC) after admitting to violating probation, Leaving Home Without Permission, and committing acts that would have been Residential Entry, a Level 6 felony if committed by an adult,[1] and Theft of a Firearm, a Level 6 felony if committed by an adult.[2] J.R. now appeals the juvenile court's order placing him in the DOC. We affirm.

## Facts

[2] In November of 2018, J.R. admitted delinquency for leaving home without the permission of a parent, guardian or custodian and was placed on probation. J.R. violated the terms of that probation, and he was placed at Wernle Youth and Family Treatment Center. After four escapes from Wernle, he was moved to Lutheran Child and Family Services. He escaped from Lutheran on May 5, 2019. Appellant's App. Vol. II p. 9.

[3] Seventeen days later, on May 22, 2019, authorities located J.R. and took him into custody. He was adjudicated a delinquent child for escape, a Level 5 felony if committed by an adult, and criminal mischief, a Class A misdemeanor if committed by an adult. He was sentenced to forty-five days of secure detention and three months of probation. He was detained at Dickinson

---

[1] Ind. Code §35-43-2-1.5.

[2] Ind. Code §35-43-4-2(a).

Juvenile Justice Center. On July 27, 2019, he was released into his father's custody and received services through the Youth Villages Intercept Program.

[4] On August 6, 2019, J.R. committed leaving home without permission and residential entry, a Level 6 felony if committed by an adult. On August 21, 2019, he left home without permission again, and committed theft of a firearm, a Level 6 felony if committed by an adult. The State filed a new petition alleging delinquency based on these incidents and petitioned to modify the previous dispositional decree.

[5] On August 26, 2019, J.R. was placed at Dickinson Juvenile Justice Center until his dispositional hearing. He committed seven infractions there between August 26 and November 1.

[6] On October 23, 2019, J.R. admitted to violating probation and to three of the counts against him: residential entry, a Level 6 felony if committed by an adult, theft of a firearm, a Level 6 felony if committed by an adult, and leaving home without permission. Appellant's App. Vol. II p. 87.

[7] On November 27, 2019, the juvenile court held a dispositional hearing. A probation officer was tasked with finding three facilities that might take J.R. outside of the DOC. Tr. Vol. II p. 138. One of those facilities, Campagna Academy, was willing to accept J.R., but the probation officer recommended against the placement because of J.R.'s history of escapes. *Id.* at 139. She feared that if J.R. escaped Campagna, located near Gary, it would be difficult to find him. *Id.* at 142. "I worry about the distance and the area," she said. *Id.* at

139.  Additionally, the Department of Child Services advised against sending anyone to Campagna.  *Id.* at 141.  J.R.'s father asked that J.R. be sent to Campagna, whereas J.R.'s mother argued against that placement, fearing her son would again escape.  *Id.* at 167-171, 173.

[8]     At the dispositional hearing, the juvenile court ordered that J.R. would be committed to the DOC and transferred to Logansport Juvenile Correctional Facility.  In making this decision, the juvenile court observed that there was no other "realistic option" for J.R., as he had repeatedly escaped his past residential placements, and treatment at home had also failed.  *Id.* at 181.  J.R. now appeals this placement.

## Discussion and Decision

[9]     Placement of a juvenile who is adjudged delinquent is within the discretion of the juvenile court.  *M.C. v. State*, 134 N.E.3d 453, 458 (Ind. Ct. App. 2019).  This broad discretion is "subject to the statutory considerations of the welfare of the child, the safety of the community, and the policy of favoring the least harsh disposition."  *Id.*; *see also* Ind. Code § 31-37-18-6 (listing statutory factors).  We will reverse only if the disposition is clearly erroneous and against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual inferences that may be drawn therefrom.  *M.C.*, 134 N.E.3d at 458.

[10]    J.R. argues that the juvenile court failed to adequately consider alternatives to the DOC placement, rendering its decision erroneous.  We disagree.  Since

2018, J.R. has been on probation, participated in residential programs, and been placed at home. In all these settings, he has failed to obey the rules and, at times, the law. He violated his probation, escaped his residential programs, repeatedly left home without permission, and committed new, more serious delinquent acts.

[11] Despite this track record, the juvenile court seriously weighed the possibility of sending J.R. to another residential facility. However, the court ultimately observed, "I can't in good faith send you to another residential placement that I don't have faith you will comply with." Tr. Vol. II p. 181. The court ordered J.R. placed in the DOC because, "I do not believe there's another realistic option." *Id.* J.R.'s record, the probation officer's testimony, the recommendation of the Department of Child Services, and his mother's express wishes all support this decision. *Id.* at 138-39, 140, 173. We find that the juvenile court did not err in ordering that J.R. be committed to the DOC.

[12] The judgment of the juvenile court is affirmed.

Bailey, J., and Vaidik, J., concur.